**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3952-15T3

ROBERT RODANO,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

LAURA KOUSMINE,

    Defendant-Appellant/
    Cross-Respondent.

_____

Submitted September 6, 2017 — Decided October 2, 2017

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0279-14.

Laura Kousmine, appellant/cross-respondent, pro se.

Richard M. King, Jr., attorney for respondent/cross-appellant.

PER CURIAM

    Defendant Laura Kousmine appeals from an April 7, 2016 order denying reconsideration of an earlier decision enforcing a settlement agreement between her and plaintiff

Robert Rodano. Rodano cross-appeals the denial of two applications for attorney fees. We now affirm denial of reconsideration, but remand to the trial court the issue of attorney fees.

This litigation has a lengthy history. The dispute initially arose from the need for access easements over Kousmine's lot. The lot is located at the base of a peninsula which protrudes into a back bay in West Wildwood. Rodano owns the lot located at the tip. See Rodano v. Craig, No. A-0863-09 (App. Div. May 17, 2011), cert. denied, 208 N.J. 338 (2011). The Craigs, predecessors in Kousmine's chain of title, were ordered to construct a bulkhead pursuant to specific plans, effectively incorporated into the trial judge's order. The plans were approved by the New Jersey Department of Environmental Protection (DEP). The bulkhead along the seawall of the lots protects the easement area on Kousmine's lot from natural erosion. For reasons not relevant to this appeal, the owner of the lot was ordered to install the bulkhead so as to maintain the easement for the benefit of Rodano and the prior owners of a lot located between Rodano's lot and Kousmine's lot.

Kousmine purchased the property at a sheriff's sale, with full knowledge of the easement and the obligation on the

property's owner to construct the bulkhead.   She acquired title on March 31, 2014.

By verified complaint, signed June 24, 2014,[1] Rodano sought enforcement of litigant's rights, namely, the prior order requiring the installation of the bulkhead.  The Craigs had discharged the judgment in bankruptcy, and, therefore, the obligation ran solely with the land.  The cost increased over the years from an estimated $84,247.97 to approximately $110,000.  The complaint sought enforcement of the original order, as well as counsel fees pursuant to R. 1:10-3.

On September 19, 2014, the parties settled the matter. The agreement provided as follows:

> 1.   Servient Estate (by and through the current owner, Laura Kousmine) shall construct a bulkhead and easement pursuant to and in conformance with a Department of Environmental Protection Permit Number 0513-06-0006.2 (and Plans incorporated therein), and the bulkhead construction is to be completed by G & G Marine pursuant to and in conformance with a proposal dated July 18, 2014 and the remaining improvements required by the existing Permit (and Plans incorporated therein) shall be completed by the Servient Estate in a workmanlike manner.
>
> 2.   Construction of the above improvements shall commence as soon as

---

[1] No filed copy was included in the Appendix.  See R. 2:6-1(b).

A-3952-15T3

reasonably possible, but with urgency and no later than October 15, 2014, and be completed in a reasonable manner and time. It is agreed and understood that delay caused by natural disaster, acts of God, or such other unforeseeable and uncontrollable impediments to performance shall not be held against the Servient Estate unless such delay is caused by the actions or neglect of the Servient Estate (referred to herein as "Impediments"). The actual completion of the driveway (as opposed to the physical bulkhead), may be delayed until January 15, 2015, but not later (subject to Impediments as defined above), so as to allow for necessary and appropriate coordination of said work due to the potential burying of any electric lines in the new easement driveway by Atlantic Electric.

3. All costs relating to said engineering and construction of the bulkhead and driveway are to be borne by the Servient Estate.

. . . .

5. The temporary easement in the rear of the Servient Estate shall remain open to be utilized as has been the past practice, until such time as the easement described above is completed and ready for use.

By February 2015, Kousmine completed the bulkhead, however, she did not adhere to the plans referred to in the settlement. Unsurprisingly, on Rodano's motion to enforce the agreement, compliance was ordered to take place within

A-3952-15T3

90 days of the decision.  Counsel fees were denied without explanation.

Kousmine then sought reconsideration.  She submitted a "survey" done by land surveyors in support of her position that a reasonable approximation of the original plans satisfied the settlement agreement and complied with past court orders.[2]  In denying the motion for reconsideration the judge said:

> Defendant concedes that the bump out is short of the Plan, yet she contends that the shortfall has no effect on the functionality of Plaintiff's ability to ingress and egress the easement.  Again, such contentions were already addressed in this Court's decision rendered on February 3, 2016, and Defendant fails to demonstrate that this Court "expressed its decision based upon a palpably incorrect or irrational basis, or [. . .] failed to appreciate the significance of probative, competent evidence."  See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).
>
> Thus, defendant is not entitled to reconsideration pursuant to R. 4:49-2 of this Court's Order entered on February 3, 2016, and Defendant is required to comply with said Order.

---

[2] A cover letter accompanying the survey is dated August 3, 2016.  We do not consider materials which the trial judge did not view, absent a motion.  See R. 2:5-4(a).  Additionally, Kousmine refers to a letter from the DEP, also obtained after the judge's decision.  In the absence of a motion to supplement the record, we will not consider either document.

As to the request for attorney fees on Kousmine's motion for reconsideration, the judge said:

> As to Plaintiff's cross-motion for attorney's fees, this [c]ourt finds that Plaintiff is not entitled to attorney's fees and costs pursuant to R. 1:10-3. The court has discretion to "make an allowance for counsel fees to be paid by any party to the action to a party accorded relief["] under R. 1:10-3. See Abbott v. Burke, 206 N.J. 332, 371 (2011). "The scope of relief . . . is limited to remediation of the violation of a court order." Ibid. Here, Plaintiff is not entitled to fees for Defendant's attempt to show that she complied with the purpose of the DEP Plan and reconsideration of the same.

Motions for reconsideration rest within the sound discretion of the trial court. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Such motions should be granted only if they fall into the narrow corridor of decisions based on plainly incorrect reasoning, failures to consider evidence, or the development of some substantial new information that was unavailable at the time of the initial decision. Ibid.; Cummings, supra, 295 N.J. Super. 374, 384 (App. Div. 1996) (citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

In this case, Kousmine failed to meet any of the requirements. She merely reiterated information already

provided to the court. Specifically, she stated that the bulkhead as constructed at the time of the initial decision was a reasonable approximation of that which was required by judicial decree.

All of the information that Kousmine provided, including the survey, was available to her at the time the initial application for enforcement was made. There was simply nothing new about her contentions on reconsideration — they were merely a restatement of the original arguments.

The issue of attorney fees, however, is a different matter. We begin with two undisputed facts — that Kousmine knew and understood her obligations, and concedes that the bulkhead as constructed deviates from the original. Her position is that a reasonable facsimile should suffice to satisfy the settlement agreement.

The judge did not explain his reasons for denying attorney fees in the original decision enforcing the settlement agreement. In all actions tried without a jury, the judge must find the facts and state conclusions of law on every motion decided by a written, appealable order. R. 1:7-4(a). New Jersey has a strong policy disfavoring the shifting of attorney fees, which is embodied in the so-called American Rule. R. 4:42-9[1]. The allowance of counsel fees

is a discretionary action required to be based on factual findings and is reviewable under the standard of a clear abuse of discretion. Ibid. But discretion can be exercised to grant fees on motions to enforce litigants' rights. A statement of reasons was necessary.

In addition, the judge's very brief exposition denying attorney fees on the application for reconsideration was unclear. When the application was made, nothing had changed. Kousmine merely expressed her disagreement with the original decision. She pursued her judicial remedies for that reason alone. Kousmine knowingly failed to comply with the letter of the settlement agreement. She understood her obligations when she acquired the property, and she failed to articulate the basis for her unilateral decision to alter the plans. See Schochet v. Schochet, 435 N.J. Super. 542, 549-50 (App. Div. 2014). In rendering his decision, the judge should consider these circumstances before making his determination.

We anticipate that the judge will fully and fairly revisit the applications. We do not express an opinion on the ultimate outcome.

Affirmed, except that the orders denying attorney fees are vacated and remanded for reconsideration and a fuller statements of reasons.

Affirmed in part; vacated and remanded in part.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION